```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| K.L., by and through her next friends, F.L. and A.L. | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No.  5:07-62-JMH |
| v. | ) ) ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| SCOTT COUNTY SCHOOLS, | ) ) | |
| Defendant. | ) | |

         \*\*    \*\*    \*\*    \*\*    \*\*

Claiming that they were the prevailing party in a Due Process Hearing under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1401 *et seq.*, Plaintiffs have moved the Court for an Order awarding reasonable attorney fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B)(I).  Having been fully briefed, the matter is now ripe for review.

### BACKGROUND

On May 3, 2006, Plaintiffs filed a request for a Due Process hearing with the Kentucky Department of Education, alleging the following seven violations of the IDEA and state regulations adopting and implementing same:

> (1)  The failure of Scott County Schools to provide the child a free and appropriate public education ("FAPE") for the academic year 2005-2006, in violation of 707 KAR 1:290.
>
> (2) The failure of Scott County Schools to timely evaluate and identify the child as having special needs

during the 2005-2006 year, in violation of 707 KAR 1:320.

(3) The failure of Scott County Schools to develop an appropriate Individual Education Program during the 2005-2006 school year, in violation of 707 KAR 1:320.

(4) The failure of Scott County Schools to place the child in her least restrictive educational environment during the 2005-2006 school year, in violation of 707 KAR 1:350.

(5) The failure of Scott County Schools to appropriately train school personnel to adequately address the child's unique educational needs during the 2005-2006 school year, in violation of 707 KAR 1:330.

(6) The failure of Scott County Schools to explore related sources, including but not limited to, behavior management plans which would assist the child to receive FAPE during the 2005-2006 school year, in violation of 1:290 and 707 KAR 1:320.

(7) The failure of Scott County Schools to share information with the child's parents concerning the child's academics during the 2005-2006 school year, in violation of 707 KAR 1:340 and 707 KAR 1:360.

The Honorable Paul Whalen was appointed Due Process Hearing Officer ("DPO") by the Kentucky Department of Education. The Due Process Hearing was convened on August 2, 2006 and continued on August 3, September 6, and November 4, 2006. On January 26, 2007, the DPO rendered his decision in favor of Plaintiff, specifically stating:

> The burden of proof in a due process hearing is on the party bringing the appeal or in this case the Petitioner. *Schaffer v. Weast*, 546 U.S. 49 (2005); *Doe v. Bd of Educ. of Tullahome City Schools*, 9 F.3d 455, 458 (6th Cir. 1993). The Petitioner herein has met that burden in the majority of its allegations which were the basis of her appeal. In this appeal the evidence reflected in the record shows multiple violations of IDEA provisions

-2-

> including due process which constitute violations of FAPE for the Petitioner during the 2005-2006 academic year.

Plaintiff was awarded one year of compensatory education. The decision was not appealed to the Kentucky Department of Education. On February 26, 2007, Plaintiffs filed their complaint for attorney's fees and costs as the "prevailing party" in the Due Process Hearing.

### ANALYSIS

If the parent is the prevailing party in a Due Process Hearing, the Court may award reasonable attorney fees to the parent as the prevailing party. 20 U.S.C. § 1415(i)(3)(B)(i)(I). The language in 20 U.S.C. § 1415 (i)(3)(B)(i)(I) has been interpreted as meaning a plaintiff is a prevailing party if they succeed on any significant issue that achieves some of the benefit sought in bringing the suit, thus showing the plaintiff has crossed the threshold to a fee award of some kind. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). If there is a change in the legal relationship between the parties due to the decision of the hearing officer, precedent holds that this too constitutes prevailing party status. *Buckhannon Bd. of Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598 (2001).

Plaintiffs contend, and Defendant concedes, that under both the significant issue and legal relationship tests, Plaintiffs were the prevailing party, entitling them to an award of attorney fees. It is Defendant's argument, however, that Plaintiffs are not

-3-

entitled to recover one hundred percent of their attorney fees because they did not succeed on all seven issues addressed at the Due Process hearing. After determining prevailing party status, the Court must determine what fee is reasonable. The proper starting point for determining a reasonable fee is the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate. *Hensley,* 461 U.S. at 433.

    The plaintiffs submitted their attorney's fee statement indicating 86.98 hours were spent on the case, at a rate of $200 per hour for attorney work, and $85 per hour for paralegal work, reaching the total of $14,758.34 for fees. This amount was later modified to reflect five hours spent drafting the reply to Defendant's response in opposition, bringing the total hours to 91.98 and the total fees to $15,578.34. The plaintiffs also submitted an expense statement showing service of subpoenas, copying of tapes, copying of exhibits, and filing fees for bringing this civil action, reaching a total of $666.68 in costs. Defendant argues that $200 per hour is not a reasonable rate for an attorney in Georgetown, Kentucky. Based on the affidavits submitted and the undersigned's knowledge of the hourly rate for attorneys in Central Kentucky, it is the opinion of this Court that a rate of $200 per hour is reasonable for an attorney of Mr. Dove's experience. The Court is also of the opinion that the rate of $85 per hour is reasonable for an experienced paralegal.

In determining if the fees are appropriate or whether they should be adjusted, the court must consider two factors. The court must first ask, "did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded." Second, it must be determined if "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434.

The first inquiry to be made by the court is whether there are distinct claims for relief based upon different facts and legal theories, which causes work on one claim to be unrelated to work on another. Under such circumstances, work on unsuccessful claims cannot be deemed as having been "expended in pursuit of the ultimate result achieved" and therefore, their inclusion into the overall attorney's fees is not appropriate. *Id.* at 435. In all seven claims, Plaintiff contested the Defendant's actions regarding K.L.'s education for the 2005-06 school year. Plaintiffs' claims for relief involved a common core of facts. This is significant to show that much of counsel's time was generally devoted "to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Id.* Since the claims cannot be seen as a series of discrete claims, the Court should focus on "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.*

*Hensley* did not accept "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon." *Id.* at 435 n.11. This is because "such a ratio provides little aid in determining what a reasonable fee is in light of all the relevant factors. Nor is it necessarily significant that a prevailing plaintiff did not receive all the relief requested." *Id.* The Supreme Court noted that "[t]here is no precise rule or formula for making these determinations [as to what extent a party prevailed]." *Id.* at 436. The Court approved the use of twelve factors listed in *Johnson v. Ga. Hwy. Exp., Inc.,* 288 F.2d 714 (5th Cir. 1974) for determining the amount of the award, but noted that they are usually subsumed within the determination of whether the hourly rate and number of hours expended are reasonable. *Hensley*, 424 U.S. at 434 n.9.[1]

It is clear from the decision of the DPO that Plaintiffs prevailed on the first through fourth alleged violations of the IDEA. The DPO recognized that he lacked authority to rule on alleged violation number five regarding the training and

---

[1] The twelve factors listed in *Johnson* are: time and labor required; novelty and difficulty of the questions; the skill requisite to perform the legal service properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation and ability of the attorneys; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases. *Johnson*, 488 F.2d at 717-19.

qualifications of special education teachers. The DPO denied relief to Plaintiffs on alleged violations six and seven regarding failure to explore behavior management alternatives and withholding information from the child's parents, respectively. It is the finding of this Court that the plaintiffs achieved a level of success such that the hours reasonably expended multiplied by the reasonable hourly rate is an appropriate measure for an award of attorney fees. The only adjustment to the requested fee award shall be a reduction of $40 for a .2 hour discrepancy in billing for a telephone call, to which the plaintiffs conceded to Defendant's lower time record.

## CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs shall be awarded attorney fees in the amount of $15,718.34 and costs in the amount of $666.68.

This the 28th day of June, 2007.



**Signed By:**
*Joseph M. Hood*
**United States District Judge**